**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **GABRIEL OMAR GIGENA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CALAVERAS COUNTY OF CALIFORNIA; US MARSHALS UTAH VFAST TASK FORCE,**<br><br>**Defendants.** | **ORDER AFFIRMING & ADOPTING REPORT & RECOMMENDATION**<br><br>**Case No. 2:24-CV-963-DAK-JCB**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred the case to United States Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). On September 8, 2026, Magistrate Judge Bennett issued a Report and Recommendation [ECF No. 16], recommending that the court dismiss Plaintiff's Complaint because Plaintiff's challenges to separate criminal proceedings are moot, his challenges to a state court custody order is brought in the improper venue, and the court lacks subject matter jurisdiction over his excessive force claim based on sovereign immunity.

The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation must be filed within fourteen days of receiving it. On September 17, 2025, Plaintiff timely filed objections to the Report & Recommendation.

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). Plaintiff raises several objections to the Report and Recommendation. As an initial matter, Plaintiff objects that the

Report and Recommendation relied on facts derived from outside sources instead of the facts in his Complaint. However, the Magistrate Judge properly relied on facts that courts are allowed to consider by taking judicial notice of such facts. There is no error in the Report and Recommendation relating to judicial notice of facts.

Plaintiff also argues that the Magistrate Judge committed error by disregarding his supplemental complaint. However, the Magistrate Judge considered the supplement and found that it contains no causes of action or claims and that such supplements are not contemplated in the Federal Rules of Civil Procedure. The Magistrate Judge is correct in his analysis of the supplement. Plaintiff contends that the court should have merged the supplement with his Complaint. But Plaintiff should have sought leave to amend his Complaint if he believed the information in the supplement was necessary to state a claim. Moreover, the Magistrate Judge reviewed the supplement and did not find any claims or information supporting Plaintiff's claims. The court does not find any error in the Magistrate Judge's analysis with respect to the supplement.

Plaintiff further argues that the *Rooker-Feldman* doctrine does not apply because the state court had no jurisdiction and its order was void *ab initio*. The Magistrate Judge analyzed the *Rooker-Feldman* doctrine in relation to its lack of venue holding and found that it weighed heavily in favor of dismissal rather than transfer of venue. Plaintiff argues that he is not asking the court to sit as an appellate tribunal over the California state court's custody order. But his argument ignores the fact that he asks this court to consider, and thus determine, that the order was void *ab initio*. The only courts that can find the order void *ad initio* are the California court that issued the order or the California state appellate courts. The Magistrate Judge's analysis of the *Rooker-Feldman* doctrine in this matter was correct.

Plaintiff contends that venue is proper in Utah because his constitutional injuries occurred in Utah. Plaintiff, however, has sued Calaveras County of California in this action because the state court issued a Temporary Emergency Child Custody Order without jurisdiction and the warrant supporting his arrest was based on that Order. The Magistrate Judge properly found that venue in Utah was improper for Plaintiff's claims against Calaveras County. Plaintiff contends that venue is proper in Utah because he was tackled and assaulted in Park City. But the Magistrate Judge found improper venue in this District with relation to the claims Plaintiff brought against Calaveras County of California, not his claims against the U.S. Marshals. The Magistrate Judge properly determined that this District is an improper venue for Plaintiff's claims against Calaveras County of California and that dismissal rather than transfer was appropriate.

Plaintiff further argues that the Magistrate Judge erred in dismissing all tort claims relating to his minor children, niece, nephew, and sister. Plaintiff asserts that he can bring claims on their behalf. However, regardless of whether Plaintiff can bring claims on their behalf, the Magistrate Judge properly indicated that those individuals are not named parties in this action. Plaintiff is the only named Plaintiff in this action.

Plaintiff also argues that the Magistrate Judge improperly applied sovereign immunity to his excessive force claims against the U.S. Marshals Utah VFAST Task Force. Plaintiff contends that sovereign immunity does not shield his civil rights claims against individual officers for excessive force and that it was improper for the court to develop the immunity defense for Defendants at the screening stage. At the screening stage, however, the Magistrate Judge must determine whether Plaintiff properly states a claim. The Magistrate Judge in this case properly analyzed Plaintiff's Section 1983 claims. Plaintiff brought his claim under Section 1983, and he

cannot state a Section 1983 claim against the named Defendant. The Magistrate Judge also noted that Plaintiff briefly mentioned the Federal Tort Claims Act ("FTCA") but the United States has not rendered itself liable under the FTCA for constitutional tort claims. This is a correct statement of the law. Plaintiff cannot state a claim under the FTCA against the named Defendant. The Magistrate Judge, therefore, found that there was no subject matter jurisdiction over Plaintiff's Section 1983 claim. While Plaintiff's objection references *Bivens* for the first time, Plaintiff has not asserted a *Bivens* claim in his Complaint. The Magistrate Judge did not address *Bivens* because Plaintiff did not assert a *Bivens* claim and made no mention of it. Plaintiff has not demonstrated any error in the Magistrate Judge's analysis.

The court has reviewed the Report and Recommendation and the record *de novo* and agrees with Magistrate Judge Bennett's recommendations in their entirety. Plaintiff's challenges to the criminal proceedings fail for mootness, his challenges to the state court custody order fail for improper venue, and Plaintiff's Section 1983 excessive force claim fails for lack of subject matter jurisdiction based on sovereign immunity. Therefore, the court adopts and affirms Magistrate Judge Bennett's Report and Recommendation as the Order of the court. Plaintiff's claims against Calaveras County are dismissed without prejudice for improper venue and his Section 1983 claim against the U.S. Marshals Utah VFAST Task Force is dismissed for lack of subject matter jurisdiction.

DATED this 13th day of October 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge